O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JIM MCDONALD,<br><br>    Respondent. | Case No. LA CV 17-5762 CAS (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

On June 22, 2017, petitioner Ronnie Brown ("Petitioner"), in state custody and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition").[1] [Dkt. No. 1.]

In sum, Petitioner challenges *only* the conditions of his confinement rather than the legality of his confinement. Accordingly, the claims asserted in the Petition are not cognizable on habeas review and the Petition merits dismissal without prejudice. To

---

[1] In determining the filing date of a petition, *pro se* prisoners are entitled to the benefit of the "mailbox rule," which dictates that a document's constructive filing date is the date it was presented to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Courts generally deem a petition as delivered to prison authorities on the day the petition was signed. *See Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1058 n.1 (C.D. Cal. 2001).

1

the extent that Petitioner desires to challenge the conditions of his confinement, he must do so in a civil rights action after fully exhausting his administrative remedies.

# I.

# **DISCUSSION**

In the Petition, Petitioner raises the following four grounds of relief:

(1) he "has been denied the right to access to courts and freedom of expression";

(2) he is "being subjected to cruel and unusual punishment by receiving cold meals";

(3) he "has been denied access to courts to meet court deadlines"; and

(4) he "has been discriminated against while legally blind."

(Pet. at 5-6.) The Court has screened the Petition as required by Rule 4 of the Rules Governing § 2254 Cases and finds that the Petition must be dismissed because it is apparent from the face of the Petition that it does not assert a cognizable claim for habeas relief.

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). In contrast, a civil rights action is the proper method of challenging conditions of that confinement. *Id.*

Here, Petitioner's four claims challenge only the conditions of his current confinement and do not challenge the legality or duration of his confinement. Consequently, his claims are properly asserted in a civil rights action, *not* a habeas corpus action.

Thus, the Petition should be dismissed. In the event that Petitioner elects to file a civil rights action challenging the conditions of his confinement, he is cautioned that he must first exhaust his available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). He should also use, and completely fill out, the applicable federal complaint forms and submit them with either the $350.00 filing fee or a completed declaration in support of his request to proceed *in forma pauperis* and a certified copy of his prison trust account statement for the last six months. *See* 28 U.S.C. § 1915(a).

## II.

## **ORDER**

For these reasons, IT IS ORDERED that the reference to the Magistrate Judge be vacated and this action be summarily dismissed without prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability ("COA") is denied because the Court finds that Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (when a court dismisses a petition on procedural grounds, a COA should issue only when "a prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: August 11, 2017

*Christina A. Snyder*
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE